## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiffs Alberto E. Lugo, Fabian Osorio, and Elgyn Suazo (collectively, "Plaintiffs"), and Defendants Sushi Vida Inc. d/b/a Mamasushi ("Mamasushi"), Vida Café Inc. d/b/a Mamajuana Café ("Mamajuana"), Rancho Vida LLC d/b/a Mamajuana Café ("Mamajuana 88"), and Carmen Susana Osorio (collectively, "Defendants") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** Plaintiffs and Defendants (collectively, the "Parties") recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Lugo et al. v. Sushi Vida Inc. d/b/a Mamasushi et al.*, Civil Action No. 15 Civ. 4861 (PAC) (KNF) (the "Pending Action"), filed in the United States District Court for the Southern District of New York (the "Court"), or that could have been raised in such suit, Plaintiffs' employment relationship with Defendants, Plaintiffs' separation of employment with Defendants, and/or otherwise.

2. **Dismissal of Pending Action.** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiffs agree that they: (1) shall file the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a dismissal with prejudice of the Pending Action; and (2) shall not re-file these causes of action, or any other causes of action, against Defendants arising from matters that were encompassed or could have been encompassed or raised in the Pending Action. Notwithstanding the foregoing, however, the Parties agree that the Court shall retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement, including, but not limited to, Defendants' timely payment of the consideration set forth in Paragraph 3.

1

3. **Consideration.**

A. Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiffs and Plaintiffs' attorneys, Pechman Law Group PLLC, the total sum of Two-Hundred-Thousand Dollars and Zero Cents ($200,000.00) (the "Settlement Payment"), and other good and valuable consideration, as set forth in the annexed Settlement Distributions and Payment Schedule (annexed hereto as Exhibit B). All payments made to Plaintiffs' attorneys, as set forth in Exhibit B, represent attorneys' fees and costs.

B. Defendants shall issue separate IRS Forms 1099 to Alberto E. Lugo, to Fabian Osorio, to Elgyn Suazo, and to Pechman Law Group PLLC for their respective distributions of the Settlement Payment.

C. Defendant Susana Carmen Osorio agrees to execute a Confession of Judgment for $200,000.00, plus liquidated damages in the amount of $75,000.00, for a total of $275,000.00, on behalf of herself, individually, and on behalf of Mamasushi, Mamajuana, and Mamajuana 88, in the form annexed hereto as Exhibit C, and to deliver the executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement. Pechman Law Group PLLC will hold said Confession of Judgment in escrow and will only file same if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Exhibit B, and Defendants have not cured any such failure as set forth in Section 3(D) below. Upon receipt of all of the payments set forth in Exhibit B, Pechman Law Group PLLC agrees to destroy said Confession of Judgment.

D. If Defendants fail to make timely any of the payments set forth in Exhibit B, or if any payment check fails to clear (*i.e.*, bounces) on its respective payment date, Plaintiffs' attorneys shall provide, by e-mail and/or facsimile transmission, a

2

notice to cure to Defendants' counsel. Defendants shall cure the default within seven (7) business days from and including the date on which the notice was sent. If the default is not cured within the seven (7) business day period, all remaining payments specified in Exhibit B will become due immediately and Defendants will consent to entry of the Confession of Judgment, as set forth in Exhibit C, in favor of Plaintiffs in the Court, or in any other court of competent jurisdiction, for the amount set forth in the Confession of Judgment, less any payments that were actually made and cleared under this Agreement.

4. **General Releases by the Parties.**

**Plaintiffs.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants and Victor Osorio of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, claims under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C §§ 1981 et seq. ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981a et seq. ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et

3

seq. ("FLSA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the Worker Adjustment and Retraining Notification Act of 1988, the New York State Human Rights Law, the New York Civil Rights Law, the New York State Insurance Law, the New York Labor Law, the New York City Human Rights Law, any of the statutes or common law causes of action of the State of New York or any other state, the New York Constitution, the United States Constitution and/or any and all other federal, state, or local statutes, laws, rules, and regulations pertaining to employment, as well as any and all claims under state contract or tort law, which were or could have been alleged by Plaintiffs in the Pending Action, accruing through the date of this Agreement, and (2) any and all claims, charges, actions, and causes of action of any kind or nature that Plaintiffs once had or now have, whether arising out of Plaintiffs' employment with Defendants and Victor Osorio, or otherwise, except fair and reasonable resolution of FLSA claims.

Nothing in this Agreement shall be deemed to waive any rights Plaintiffs may have to file any claim with any administrative agency where such claim can be filed. However, notwithstanding any such right to file a claim, Plaintiffs shall not recover any monetary damages and shall not be entitled to any individual relief on his behalf as a result of filing said claim.

**Defendants.** Defendants release Plaintiffs from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had or now have arising out of Plaintiffs' employment with Defendants or otherwise, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of this Agreement.

5. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and

shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

6. **Attorneys' Fees and Costs.** It is further agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated in this Agreement.

7. **Voluntary Settlement.** Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord.

8. **Venue.** The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. The Parties hereby waive any pleas of improper jurisdiction or venue in the Court, as well as any other court in New York City, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the Court, or any other court of proper jurisdiction in New York City.

9. **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter hereof, except the terms set forth in this Agreement.

10. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and that contains specific reference to this Agreement.

11. **Prevailing Party Fees.** In the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

12. **Non-Disclosure and Communications**

    A. Plaintiffs, on behalf of themselves and their counsel, agree not to contact the media or utilize any social media regarding this Agreement or its terms. If contacted by the media regarding this Agreement, Plaintiffs and Plaintiffs' counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

    B. Plaintiffs agree that their counsel will not upload to, and have removed any reference from, their websites, blogs, social media and any promotional material about the Pending Action.

    C. Unless required to do so by legal process, Plaintiffs agree not to make, or cause to be made, any disparaging statement, representations, comment, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any person whatsoever about Defendants, including their respective agents, employees, attorneys, families, insurers, representatives, successors, executors, administrators, and assigns. Unless required by legal process, Defendants agree not to make, or cause to be made, any Disparaging Statements, whether orally or in writing, by word or gesture, to any person whatsoever about Plaintiffs, including their respective agents, employees, attorneys, families, insurers, representatives, successors, executors, administrators, and assigns. For purposes of this paragraph, a Disparaging

Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates, provided however that nothing herein shall restrict or otherwise prevent a Party from making truthful statements, or giving their opinions, about such Party's experience related to the Pending Action.

D. The Parties agree that if the Court, in order to conform this Agreement to the Fair Labor Standards Act, desires to tailor or revise any portion of this Section 12, the Parties shall be bound by the provision as so tailored or revised.

13. **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

14. **Plaintiffs understand, represent, and agree that they:**

(A) Have carefully read and fully understood all of the provisions of this Agreement;

(B) Are, through this Agreement, releasing Defendants and Victor Osorio from any and all claims that Plaintiffs may have against them relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants and Victor Osorio, or otherwise;

(C) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

(D) Knowingly and voluntarily intend to be legally bound by this Agreement;

(E) Were advised to consider the terms of this Agreement with counsel, and have consulted with Plaintiffs' counsel prior to executing this Agreement; and

(F)   Are duly authorized and have full authority to execute this Agreement.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| *[signature]* <br> Alberto E. Lugo <br> Dated: 6/3/16 | Sushi Vida Inc. d/b/a Mamasushi <br> By:_____ <br> Title:_____ <br> Dated:_____ |
| *[signature]* <br> Fabian Osorio <br> Dated: 05/31/16 | Vida Café Inc. d/b/a Mamajuana Café <br> By:_____ <br> Title:_____ <br> Dated:_____ |
| *[signature]* <br> Elgyn Suazo <br> Dated: 05/31/16. | Rancho Vida LLC d/b/a Mamajuana Café <br> By:_____ <br> Title:_____ <br> Dated:_____ |
|  | _____ <br> Carmen Susana Osorio <br> Dated:_____ |

(F) Are duly authorized and have full authority to execute this Agreement.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| | Sushi Vida Inc. d/b/a Mamasushi |
| _____ | By: _Carmen Susana Osorio_ |
| Alberto E. Lugo | Title: _President_ |
| Dated:_____ | Dated: _6/3/16_ |
| | |
| _____ | Vida Café Inc. d/b/a Mamajuana Café |
| Fabian Osorio | By: _Carmen Susana Osorio_ |
| Dated:_____ | Title: _President_ |
| | Dated: _6/3/16_ |
| | |
| _____ | Rancho Vida LLC d/b/a Mamajuana Café |
| Elgyn Suazo | By: _Carmen Susana Osorio_ |
| Dated:_____ | Title: _President_ |
| | Dated: _6/3/16_ |
| | |
| | _____ |
| | Carmen Susana Osorio |
| | Dated: _6/3/16_ |

8

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALBERTO E. LUGO, FABIAN OSORIO, and
ELGYN SUAZO,

                 Plaintiffs,                 15 Civ. 04861 (PAC)(KNF)

  -against-

                                                  STIPULATION OF
SUSHI VIDA INC. d/b/a MAMASUSHI, VIDA     DISMISSAL WITH
CAFÉ INC. d/b/a MAMAJUANA CAFÉ,             PREJUDICE
RANCHO VIDA LLC d/b/a MAMAJUANA
CAFÉ, VICTOR OSORIO, and CARMEN SUSANA
OSORIO,

                 Defendants.
-------------------------------------------------------------X

      IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 41 of the Federal Rules of Civil Procedure, that this action be dismissed in its entirety. The Court shall maintain jurisdiction over this matter for the purposes of enforcing the parties' settlement agreement, if necessary.

Dated: New York, New York
         May 27, 2016

PECHMAN LAW GROUP PLLC                 MORRISON TENENBAUM, PLLC

By: _____          By: _____
    Louis Pechman, Esq.                             Lawrence Morrison, Esq.
    488 Madison Avenue                              87 Walker Street, Second Floor
    New York, NY 10022                              New York, NY 10013
    (212) 583-9500                                        (212) 620-0938
    *Attorneys for Plaintiffs*                       *Attorneys for Defendants*

SO ORDERED.

_____
Paul A. Crotty, U.S.D.J.

*Lugo et al. v. Sushi Vida Inc. d/b/a Mamasushi et al.*, 15 Civ. 04861 (PAC)(KNF)

## Exhibit B - Settlement Distributions and Payment Schedule

|  | Total Distribution | 7/1/2016 - $100,000 Due | 9/1/2016 - $20,000 Due | 11/1/2016 - $20,000 Due | 1/2/2017 - $20,000 Due | 3/1/2017 - $20,000 Due | 5/1/2017 - $20,000 Due |
|---|---|---|---|---|---|---|---|
| Alberto Lugo | $54,602.90 | $27,301.45 | $5,460.29 | $5,460.29 | $5,460.29 | $5,460.29 | $5,460.29 |
| Elgyn Suazo | $35,314.02 | $17,657.01 | $3,531.40 | $3,531.40 | $3,531.40 | $3,531.40 | $3,531.40 |
| Fabian Osorio | $42,652.22 | $21,326.11 | $4,265.22 | $4,265.22 | $4,265.22 | $4,265.22 | $4,265.22 |
| Pechman Law Group PLLC (for attorneys' fees and costs) | $67,430.86 | $33,715.43 | $6,743.09 | $6,743.09 | $6,743.09 | $6,743.09 | $6,743.09 |

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ALBERTO E. LUGO, FABIAN OSORIO, and
ELGYN SUAZO,

                      Plaintiffs,　　　　　　　15 Civ. 04861 (PAC)(KNF)

  -against-

SUSHI VIDA INC. d/b/a MAMASUSHI, VIDA　　　**AFFIDAVIT OF**
CAFÉ INC. d/b/a MAMAJUANA CAFÉ,　　　　　　**CONFESSION OF**
RANCHO VIDA LLC d/b/a MAMAJUANA　　　　　　**JUDGMENT**
CAFÉ, VICTOR OSORIO, and CARMEN SUSANA
OSORIO,

                      Defendants.
------------------------------------------------------------------- X

STATE OF NEW YORK　)
　　　　　　　　　　) ss:
COUNTY OF NEW YORK )

Carmen Susana Osorio, being duly sworn, deposes and says:

    1.    I, Carmen Susana Osorio, am an owner or agent of Sushi Vida Inc. d/b/a Mamasushi ("Mamasushi"), Vida Café Inc. d/b/a Mamajuana Café ("Mamajuana"), and Rancho Vida LLC d/b/a Mamajuana Café ("Mamajuana 88").

    2.    I have authority to sign on behalf of myself and on behalf of Mamasushi, Mamajuana, and Mamajuana 88 (collectively, the "Restaurants").

    3.    I am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of the Restaurants.

    4.    I, Carmen Susana Osorio, hereby confess judgment and authorize entry of judgment against myself and the Restaurants (collectively, "Defendants"), jointly and severally, in favor of Plaintiffs Alberto E. Lugo, Fabian Osorio, and Elgyn Suazo (collectively, "Plaintiffs") for the total sum of Two-Hundred-Seventy-Five-Thousand Dollars and Zero Cents ($275,000.00), less any settlement monies already paid and that

have cleared, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

6. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the Restaurants, collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
Carmen Susana Osorio, on behalf of herself
and on behalf of the Restaurants

Sworn to and subscribed before me this
3rd day of May 2016

_____
NOTARY PUBLIC

JERALD M. TENENBAUM
Notary Public, State of New York
Registration #02TE6261652
Qualified in New York County
Commission Expires May 14, 2020

2