USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-27-16

# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

June 23, 2016

Upon review of document 29 and 29-1, the settlement of this FLSA case is fair and reasonable. The Court approves it, but strikes out 12D as unnecessary. Accordingly, the above captioned case is dismissed with prejudice. The Clerk of Court is directed to terminate the case.
SO ORDERED - 6/27/16

*/s/ Paul A. Crotty*
Paul A. Crotty, U.S.D.J

VIA ECF AND MAIL
The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14-C
New York, NY 10007

Re:   *Alberto E. Lugo et al. v. Sushi Vida Inc. d/b/a Mamasushi, et al.*,
      15 Civ. 04861 (PAC) (KNF) (Joint Letter Re: Settlement Approval)

Dear Judge Crotty:

We represent plaintiffs Alberto E. Lugo, Fabian Osorio, and Elgyn Suazo (collectively, "plaintiffs") in the above-referenced wage and hour matter against defendants Sushi Vida Inc. d/b/a Mamasushi ("Mamasushi"), Vida Café Inc. d/b/a Mamajuana Café ("Mamajuana"), Rancho Vida LLC d/b/a Mamajuana Café ("Mamajuana 88"), Carmen Susana Osorio, and Victor Osorio (collectively, "defendants," and collectively with plaintiffs, the "parties"). Together with defense counsel, the parties submit this joint letter to inform Your Honor that they have settled their dispute and memorialized the terms of their settlement in the annexed settlement agreement (the "Agreement"). In accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties submit the Agreement for the Court's review and approval and request that, following approval of the Agreement, the Court dismiss this action with prejudice.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiffs commenced this action by filing a Complaint on June 23, 2015, *see* ECF No. 1,[1] in which they allege that they worked as waiters at Mamasushi, Mamajuana, and Mamajuana 88 at different points between May 2011 and June 2015. Plaintiffs no longer work at the restaurants. Plaintiffs allege that they worked solely for tips; defendants did not pay plaintiffs any wages for any hours worked at the restaurants. Plaintiffs regularly worked more than forty hours per workweek and numerous daily

---

[1] All citations to "ECF #" refer to documents electronically filed in this case. Originally, Saul Felix and Freyda Tipizila were also plaintiffs in this case, *see* ECF No. 1, but withdrew their claims without prejudice with the Court's permission. *See* ECF Nos. 25-26.

The Honorable Paul A. Crotty
June 23, 2016
Page 2

shifts that spanned across more than ten hours per workday. Defendants did not furnish plaintiffs with wage statements at the end of each workweek or with annual wage notices. Upon these facts, plaintiffs sought to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory and liquidated damages, interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL").

In their Answer, filed on August 12, 2015, defendants generally denied liability and all of plaintiffs' allegations. ECF No. 16. Moreover, in the Answer, and throughout discovery, defendants argued that they did not willfully violate any laws, that plaintiffs were tipped employees who could be paid at a reduced minimum wage rate, and that plaintiffs were actually paid minimum and overtime wages at the reduced tipped minimum wage rate in cash. The parties vigorously dispute whether plaintiffs were paid any wages at any point in their employment at defendants' restaurants.

The parties drafted and filed a joint letter with a proposed scheduling order on September 3, 2015, ECF No. 19, and appeared for an initial conference before the Court on September 8, 2015. ECF No. 20. Between October 2015 and January 2016, the parties produced and reviewed approximately two-hundred pages of documents, defendants answered interrogatories, and plaintiffs took the deposition of the three corporate defendants through Carmen Susana Osorio as their Rule 30(b)(6) representative. The parties also appeared for an interim pretrial conference on December 4, 2015.

The parties discussed the possibility of settlement throughout this matter. After several rounds of offers and counter-offers, as well as defendants' deposition, the parties agreed that mediation could help resolve the litigation. On January 28, 2016, during an interim pretrial conference, the parties informed the Court that they would participate in private mediation. ECF No. 27. Before doing so, defendants provided their tax returns and financial documents to plaintiffs' counsel for confidential review. The documents show that defendants' restaurants have had narrow margins of profit in the last three years and that defendants are indebted to several third parties. On March 17, 2016, the parties attended a three-hour long private mediation session. The conference was unsuccessful, but helped the parties to continue fruitful settlement discussions and exchange their final rounds of settlement demands and offers.

On April 14, 2016, the parties appeared for a pretrial conference before the Court. The Court scheduled a final pretrial conference for June 29, 2016, as well as deadlines for motions *in limine* and a joint pre-trial order. Since then, the parties continued settlement negotiations, including disputes and negotiations over several settlement terms, and ultimately memorialized their settlement in the Agreement. The parties fully executed the Agreement on June 13, 2016.

Pursuant to the parties' settlement Agreement, defendants shall pay plaintiffs the sum of $200,000.00 in six installments. The first installment, due July 1, 2016, is for $100,000.00. The other five installments will be due between September 1, 2016, and May 1, 2007, each for $20,000.00. *See* Agreement Ex. B. In the event that defendants default on any payment, defendant Susana Osorio, on behalf of herself and the three

The Honorable Paul A. Crotty
June 23, 2016
Page 3

corporate defendants, has executed an affidavit of confession of judgment entitling plaintiffs to recover the full $200,000.00 settlement amount plus liquidated damages of $75,000.00, totaling $275,000.00, minus whatever amounts were already paid under the Agreement. *Id.* § 3(C)-(D). As part of the settlement, the Parties have signed mutual general releases, fully terminating any disputes between them. *Id.* § 4.

## THE SETTLEMENT IS FAIR AND REASONABLE

The parties agree that the settlement is fair and reasonable and that the Court should approve it. Through its mutual general releases, the proposed settlement agreement resolves bona fide disputes over sharply contested issues, including whether plaintiffs were actually paid any wages, the amounts allegedly paid to plaintiffs in wages, and whether the individual defendants were the employers of plaintiffs within the meaning of the NYLL and FLSA. *See, e.g., Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144, at *4 n. 2 (S.D.N.Y. Nov. 6, 2015) (approving broad general releases in FLSA settlements as long as they are mutual and plaintiffs are no longer employed by defendants).

Given the fact-intensive analysis required in this case, especially in light of defendants' lack of contemporaneous records, proceeding to trial would consume significant amounts of time and resources, possibly including the resources used to resolve this matter. Moreover, proceeding to trial represents high risk to all parties, particularly because of the parties' sharply conflicting testimony regarding defendants' payment of plaintiffs' wages. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The settlement amount of $200,000.00 is fair and reasonable as it exceeds plaintiffs' FLSA backpay wages alleged. Assuming that plaintiffs were not paid any wages throughout their employment with defendants, plaintiffs allege that they are owed $157,038.66 in unpaid minimum and overtime wages under the FLSA.[2]

Moreover, although the settlement amount of $200,000.00 is less than plaintiffs' total damages alleged, the amount is fair and reasonable in light of the significant risks that plaintiffs will face should this case proceed to trial. Defendants argue that plaintiffs were paid wages in cash, at the reduced tipped employee minimum and overtime wage rates, for all hours worked. Defendants claim that this can be proven with plaintiffs' annual W-2 statements. Should the Court credit defendants' testimony and find that plaintiffs were in fact paid per hour worked in cash at the reduced

---

[2] Plaintiffs' FLSA backpay wage damages alleged are: (a) $64,912.92 for Lugo; (b) $40,564.74 for Suazo; and (c) $51,560.99 for Osorio. Plaintiffs' total alleged damages under both statutes, including double liquidated damages, statutory damages, spread-of-hours pay, and interest, is $503,291.91. Of this amount, $157,038.66 represents FLSA backpay wage damages and $128,408.03 represents FLSA liquidated damages.

The Honorable Paul A. Crotty
June 23, 2016
Page 4

minimum and overtime wage rates, plaintiffs would be able to recover only the tip credit, *i.e.*, $3.00, per hour worked, thereby significantly reducing plaintiffs' total damages under both the FLSA and NYLL to $206,278.62. Of this amount, $111,390.78 represents plaintiffs' total FLSA damages ($61,589.13 in backpay wages and $49,801.65 in liquidated damages).[3]

The parties vigorously dispute whether plaintiffs were paid any wages throughout their employment at the three restaurants. Assuming that plaintiffs were not paid any wages, as plaintiffs contend, the settlement amount would cover all of plaintiffs' backpay wages alleged under the FLSA. On the other hand, assuming that plaintiffs were paid wages at the reduced tipped employee minimum and overtime wage rates, as defendants contend, the settlement amount would cover virtually all of plaintiffs' damages alleged under both statutes. In light of this risk to plaintiffs, the settlement amount of $200,000.00 is a fair and reasonable compromise.

Moreover, defendants' inability to pay a high judgment poses another significant risk to plaintiffs. Assuming that plaintiffs obtained a full victory at trial on all of their claims, resulting in a judgment of $503,291.91 plus plaintiffs' attorneys' fees and costs, plaintiffs would face great difficulty collecting on such a high judgment. Defendants' financial records for the last three years reveal that defendants' restaurants have had narrow margins of profit and would likely not survive a high judgment. Plaintiffs' risk of not being able to collect on a judgment militates "in favor of finding a wage-and-hour settlement to be fair and reasonable." *See, e.g., Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144, at *4 n. 2 (S.D.N.Y. Nov. 6, 2015).

Since the filing of this case, plaintiffs' counsel has spent significant time in negotiations with defendants and has used its considerable expertise and experience in a providing a satisfactory result to plaintiffs. In accordance with the retainer agreement signed by plaintiffs, attorneys' fees are one-third of the total amount plus reimbursement of costs.[4] *See, e.g., In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."); *see also, e.g., Villalva-Zeferino v. Park*, No. 15 Civ. 6932 (HBP), 2016 U.S. Dist. LEXIS 19125, at *4 n. 2 (S.D.N.Y. Feb. 17, 2016) (Pitman, J.) ("I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks*."). As Judge Ellis has explained, "retainer agreements containing contingency fees of one-third are

---

[3] Under this calculation, plaintiffs' backpay wage damages under the FLSA would be: (a) $26,097.09 for Lugo; (b) $15,642.00 for Suazo; and (c) $19,850.04 for Osorio. Plaintiffs' liquidated damages under the FLSA would be $49,801.65. Under this calculation, the settlement amount of $200,000.00 fully covers plaintiffs' FLSA damages alleged, and almost all of plaintiffs' NYLL damages. *See* Agreement Ex. B.

[4] Costs totaling $1,146.26 are for: (a) $17.74 for FedEx to defendant Susana Osorio; (b) $400.00 in filing fees for the Complaint; and (c) $728.55 for court reporter fees for the defendants' deposition.

The Honorable Paul A. Crotty
June 23, 2016
Page 5

standard in FLSA cases and routinely approved by courts in this Circuit." *See, e.g., Janko et al. v. Patsy's Italian Rest., Inc.*, No. 15 Civ. 4995 (RLE), at *2 (S.D.N.Y. June 10, 2016). In any event, the allocation of $66,284.57 plus costs of $1,146.29 approximates the lodestar.

## CONFIDENTIALITY PROVISION

The parties disagree about the reasonableness of the confidentiality provision of the Agreement. Plaintiffs contend that this provision is invalid in the wake of *Cheeks*. Defendants argue that this provision is enforceable and reasonable under *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). As a compromise, to preserve resources, and to facilitate approval of the Agreement, the parties have agreed that "if the Court, in order to conform this Agreement to the Fair Labor Standards Act, desires to tailor or revise any provision of this Section 12, the Parties shall be bound by the provision as so tailored or revised." Agreement § 12(D). The parties agree to be bound by the Agreement, which shall be binding and enforceable upon them, even if the Court chooses to strike the confidentiality provision from the Agreement.

The Court scheduled a final pretrial conference for June 29, 2016, at 3:00 p.m. If the Court finds it necessary, the parties are available then to discuss the settlement of this matter, as well as the Agreement and the matters addressed in letter, in person with the Court

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Louis Pechman

Enclosure

cc:  Lawrence Morrison, Esq. (via e-mail & ECF)
     Jerald Tenenbaum, Esq. (via e-mail & ECF)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiffs Alberto E. Lugo, Fabian Osorio, and Elgyn Suazo (collectively, "Plaintiffs"), and Defendants Sushi Vida Inc. d/b/a Mamasushi ("Mamasushi"), Vida Café Inc. d/b/a Mamajuana Café ("Mamajuana"), Rancho Vida LLC d/b/a Mamajuana Café ("Mamajuana 88"), and Carmen Susana Osorio (collectively, "Defendants") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** Plaintiffs and Defendants (collectively, the "Parties") recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Lugo et al. v. Sushi Vida Inc. d/b/a Mamasushi et al.*, Civil Action No. 15 Civ. 4861 (PAC) (KNF) (the "Pending Action"), filed in the United States District Court for the Southern District of New York (the "Court"), or that could have been raised in such suit, Plaintiffs' employment relationship with Defendants, Plaintiffs' separation of employment with Defendants, and/or otherwise.

2. **Dismissal of Pending Action.** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiffs agree that they: (1) shall file the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a dismissal with prejudice of the Pending Action; and (2) shall not re-file these causes of action, or any other causes of action, against Defendants arising from matters that were encompassed or could have been encompassed or raised in the Pending Action. Notwithstanding the foregoing, however, the Parties agree that the Court shall retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement, including, but not limited to, Defendants' timely payment of the consideration set forth in Paragraph 3.

1

3. **Consideration.**

    A.    Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiffs and Plaintiffs' attorneys, Pechman Law Group PLLC, the total sum of Two-Hundred-Thousand Dollars and Zero Cents ($200,000.00) (the "Settlement Payment"), and other good and valuable consideration, as set forth in the annexed Settlement Distributions and Payment Schedule (annexed hereto as Exhibit B). All payments made to Plaintiffs' attorneys, as set forth in Exhibit B, represent attorneys' fees and costs.

    B.    Defendants shall issue separate IRS Forms 1099 to Alberto E. Lugo, to Fabian Osorio, to Elgyn Suazo, and to Pechman Law Group PLLC for their respective distributions of the Settlement Payment.

    C.    Defendant Susana Carmen Osorio agrees to execute a Confession of Judgment for $200,000.00, plus liquidated damages in the amount of $75,000.00, for a total of $275,000.00, on behalf of herself, individually, and on behalf of Mamasushi, Mamajuana, and Mamajuana 88, in the form annexed hereto as Exhibit C, and to deliver the executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement. Pechman Law Group PLLC will hold said Confession of Judgment in escrow and will only file same if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Exhibit B, and Defendants have not cured any such failure as set forth in Section 3(D) below. Upon receipt of all of the payments set forth in Exhibit B, Pechman Law Group PLLC agrees to destroy said Confession of Judgment.

    D.    If Defendants fail to make timely any of the payments set forth in Exhibit B, or if any payment check fails to clear (*i.e.*, bounces) on its respective payment date, Plaintiffs' attorneys shall provide, by e-mail and/or facsimile transmission, a

2

notice to cure to Defendants' counsel. Defendants shall cure the default within seven (7) business days from and including the date on which the notice was sent. If the default is not cured within the seven (7) business day period, all remaining payments specified in Exhibit B will become due immediately and Defendants will consent to entry of the Confession of Judgment, as set forth in Exhibit C, in favor of Plaintiffs in the Court, or in any other court of competent jurisdiction, for the amount set forth in the Confession of Judgment, less any payments that were actually made and cleared under this Agreement.

4. **General Releases by the Parties.**

**Plaintiffs.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants and Victor Osorio of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, claims under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C §§ 1981 et seq. ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981a et seq. ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et

3

seq. ("FLSA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the Worker Adjustment and Retraining Notification Act of 1988, the New York State Human Rights Law, the New York Civil Rights Law, the New York State Insurance Law, the New York Labor Law, the New York City Human Rights Law, any of the statutes or common law causes of action of the State of New York or any other state, the New York Constitution, the United States Constitution and/or any and all other federal, state, or local statutes, laws, rules, and regulations pertaining to employment, as well as any and all claims under state contract or tort law, which were or could have been alleged by Plaintiffs in the Pending Action, accruing through the date of this Agreement, and (2) any and all claims, charges, actions, and causes of action of any kind or nature that Plaintiffs once had or now have, whether arising out of Plaintiffs' employment with Defendants and Victor Osorio, or otherwise, except fair and reasonable resolution of FLSA claims.

Nothing in this Agreement shall be deemed to waive any rights Plaintiffs may have to file any claim with any administrative agency where such claim can be filed. However, notwithstanding any such right to file a claim, Plaintiffs shall not recover any monetary damages and shall not be entitled to any individual relief on his behalf as a result of filing said claim.

**Defendants.** Defendants release Plaintiffs from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had or now have arising out of Plaintiffs' employment with Defendants or otherwise, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of this Agreement.

5. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and

shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

6. **Attorneys' Fees and Costs.** It is further agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated in this Agreement.

7. **Voluntary Settlement.** Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord.

8. **Venue.** The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. The Parties hereby waive any pleas of improper jurisdiction or venue in the Court, as well as any other court in New York City, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the Court, or any other court of proper jurisdiction in New York City.

9. **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter hereof, except the terms set forth in this Agreement.

10. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and that contains specific reference to this Agreement.

11. **Prevailing Party Fees.** In the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

12. **Non-Disclosure and Communications**

    A. Plaintiffs, on behalf of themselves and their counsel, agree not to contact the media or utilize any social media regarding this Agreement or its terms. If contacted by the media regarding this Agreement, Plaintiffs and Plaintiffs' counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

    B. Plaintiffs agree that their counsel will not upload to, and have removed any reference from, their websites, blogs, social media and any promotional material about the Pending Action.

    C. Unless required to do so by legal process, Plaintiffs agree not to make, or cause to be made, any disparaging statement, representations, comment, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any person whatsoever about Defendants, including their respective agents, employees, attorneys, families, insurers, representatives, successors, executors, administrators, and assigns. Unless required by legal process, Defendants agree not to make, or cause to be made, any Disparaging Statements, whether orally or in writing, by word or gesture, to any person whatsoever about Plaintiffs, including their respective agents, employees, attorneys, families, insurers, representatives, successors, executors, administrators, and assigns. For purposes of this paragraph, a Disparaging

6

Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates, provided however that nothing herein shall restrict or otherwise prevent a Party from making truthful statements, or giving their opinions, about such Party's experience related to the Pending Action.

D. ~~The Parties agree that if the Court, in order to conform this Agreement to the Fair Labor Standards Act, desires to tailor or revise any portion of this Section 12, the Parties shall be bound by the provision as so tailored or revised.~~

13. **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

14. Plaintiffs understand, represent, and agree that they:

(A) Have carefully read and fully understood all of the provisions of this Agreement;

(B) Are, through this Agreement, releasing Defendants and Victor Osorio from any and all claims that Plaintiffs may have against them relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants and Victor Osorio, or otherwise;

(C) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

(D) Knowingly and voluntarily intend to be legally bound by this Agreement;

(E) Were advised to consider the terms of this Agreement with counsel, and have consulted with Plaintiffs' counsel prior to executing this Agreement; and

7

(F) Are duly authorized and have full authority to execute this Agreement.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| | Sushi Vida Inc. d/b/a Mamasushi |
| _____ | By:_____ |
| Alberto E. Lugo | Title:_____ |
| Dated: 6/3/16 | Dated:_____ |
| | |
| _____ | Vida Café Inc. d/b/a Mamajuana Café |
| Fabian Osorio | |
| Dated: 05/31/16 | By:_____ |
| | Title:_____ |
| | Dated:_____ |
| | |
| _____ | Rancho Vida LLC d/b/a Mamajuana Café |
| Elgyn Suazo | |
| Dated: 05/31/16. | By:_____ |
| | Title:_____ |
| | Dated:_____ |
| | |
| | _____ |
| | Carmen Susana Osorio |
| | Dated:_____ |

8

(F) Are duly authorized and have full authority to execute this Agreement.

PLAINTIFFS:

_____
Alberto E. Lugo
Dated:_____


_____
Fabian Osorio
Dated:_____


_____
Elgyn Suazo
Dated:_____

DEFENDANTS:

Sushi Vida Inc. d/b/a Mamasushi
By: _Carmen Susana Osorio_
Title: _President_
Dated: _6/3/16_


Vida Café Inc. d/b/a Mamajuana Café
By: _Carmen Susana Osorio_
Title: _President_
Dated: _6/3/16_


Rancho Vida LLC d/b/a Mamajuana Café
By: _Carmen Susana Osorio_
Title: _President_
Dated: _6/3/16_


_____
Carmen Susana Osorio
Dated: _6/3/16_

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALBERTO E. LUGO, FABIAN OSORIO, and
ELGYN SUAZO,

                     Plaintiffs,         15 Civ. 04861 (PAC)(KNF)

    -against-

                                                     STIPULATION OF
SUSHI VIDA INC. d/b/a MAMASUSHI, VIDA        DISMISSAL WITH
CAFÉ INC. d/b/a MAMAJUANA CAFÉ,              PREJUDICE
RANCHO VIDA LLC d/b/a MAMAJUANA
CAFÉ, VICTOR OSORIO, and CARMEN SUSANA
OSORIO,

                     Defendants.
-------------------------------------------------------------X

    IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 41 of the Federal Rules of Civil Procedure, that this action be dismissed in its entirety. The Court shall maintain jurisdiction over this matter for the purposes of enforcing the parties' settlement agreement, if necessary.

Dated: New York, New York
         May 27, 2016

PECHMAN LAW GROUP PLLC                      MORRISON TENENBAUM, PLLC

By: _____                By: _____
Louis Pechman, Esq.                                    Lawrence Morrison, Esq.
488 Madison Avenue                                      87 Walker Street, Second Floor
New York, NY 10022                                      New York, NY 10013
(212) 583-9500                                                (212) 620-0938
*Attorneys for Plaintiffs*                                   *Attorneys for Defendants*

SO ORDERED.

_____
Paul A. Crotty, U.S.D.J.

*Lugo et al. v. Sushi Vida Inc. d/b/a Mamasushi et al.*, 15 Civ. 04861 (PAC)(KNF)

## Exhibit B - Settlement Distributions and Payment Schedule

|  | Total Distribution | 7/1/2016 - $100,000 Due | 9/1/2016 - $20,000 Due | 11/1/2016 - $20,000 Due | 1/2/2017 - $20,000 Due | 3/1/2017 - $20,000 Due | 5/1/2017 - $20,000 Due |
|---|---|---|---|---|---|---|---|
| Alberto Lugo | $54,602.90 | $27,301.45 | $5,460.29 | $5,460.29 | $5,460.29 | $5,460.29 | $5,460.29 |
| Elgyn Suazo | $35,314.02 | $17,657.01 | $3,531.40 | $3,531.40 | $3,531.40 | $3,531.40 | $3,531.40 |
| Fabian Osorio | $42,652.22 | $21,326.11 | $4,265.22 | $4,265.22 | $4,265.22 | $4,265.22 | $4,265.22 |
| Pechman Law Group PLLC (for attorneys' fees and costs) | $67,430.86 | $33,715.43 | $6,743.09 | $6,743.09 | $6,743.09 | $6,743.09 | $6,743.09 |

## EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALBERTO E. LUGO, FABIAN OSORIO, and
ELGYN SUAZO,

                         Plaintiffs,                   15 Civ. 04861 (PAC)(KNF)

-against-

SUSHI VIDA INC. d/b/a MAMASUSHI, VIDA         **AFFIDAVIT OF**
CAFÉ INC. d/b/a MAMAJUANA CAFÉ,               **CONFESSION OF**
RANCHO VIDA LLC d/b/a MAMAJUANA               **JUDGMENT**
CAFÉ, VICTOR OSORIO, and CARMEN SUSANA
OSORIO,

                         Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK  )
                         ) ss:
COUNTY OF NEW YORK )

Carmen Susana Osorio, being duly sworn, deposes and says:

1.    I, Carmen Susana Osorio, am an owner or agent of Sushi Vida Inc. d/b/a Mamasushi ("Mamasushi"), Vida Café Inc. d/b/a Mamajuana Café ("Mamajuana"), and Rancho Vida LLC d/b/a Mamajuana Café ("Mamajuana 88").

2.    I have authority to sign on behalf of myself and on behalf of Mamasushi, Mamajuana, and Mamajuana 88 (collectively, the "Restaurants").

3.    I am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of the Restaurants.

4.    I, Carmen Susana Osorio, hereby confess judgment and authorize entry of judgment against myself and the Restaurants (collectively, "Defendants"), jointly and severally, in favor of Plaintiffs Alberto E. Lugo, Fabian Osorio, and Elgyn Suazo (collectively, "Plaintiffs") for the total sum of Two-Hundred-Seventy-Five-Thousand Dollars and Zero Cents ($275,000.00), less any settlement monies already paid and that

have cleared, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

6. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the Restaurants, collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
Carmen Susana Osorio, on behalf of herself
and on behalf of the Restaurants

Sworn to and subscribed before me this
3rd day of May 2016

_____
NOTARY PUBLIC

```
JERALD M. TENENBAUM
Notary Public, State of New York
Registration #02TE6261652
Qualified in New York County
Commission Expires May 14, 2020
```

2